**Affirmed and Opinion filed June 7, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-11-00630-CR

**MERCEDEZ LESHION JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1280521**

## O P I N I O N

Appellant Mercedez Leshion Jones appeals from her conviction for aggravated robbery. After appellant pleaded guilty, the trial court held a sentencing hearing, found her guilty, and sentenced her to fifteen years in prison. In a single issue, appellant contends that the State failed to offer sufficient evidence to support her conviction as required under article 1.15 of the Texas Code of Criminal Procedure. We affirm.

*Procedural Background*

Appellant was indicted for, among other things, aggravated robbery with a deadly weapon, specifically

> on or about OCTOBER 3,2010, [appellant] did then and there unlawfully, while in the course of committing theft of property owned by NOAH HUNTER, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place CORY-ANN NEIL in fear of imminent bodily injury and death, and . . . did then and there use and exhibit a deadly weapon, namely, A FIREARM.[1]

Appellant pleaded guilty to this offense in writing on April 27, 2011, concurrently waiving her rights to a jury, to confront and cross-examine witnesses, and against self-incrimination. At the same time, she also signed a written confession and agreed to an oral or written stipulation of evidence.

Appellant entered her plea in open court to Judge Lee Duggan, a visiting judge sitting for Judge Mary Lou Keel. Appellant was not sworn in for these proceedings, and the State did not introduce appellant's written confession or any oral or written stipulation as to the evidence against her. Judge Duggan accepted the guilty plea but deferred a finding as to appellant's guilt or innocence. Pursuant to an agreement between appellant and the State, Judge Duggan ordered the preparation of a Presentence Investigation Report (PSI).

Judge Keel presided over the sentencing hearing, taking testimony from one of the victims as well as from the other victim's father and appellant herself.[2] Judge Keel also represented that she had reviewed the PSI, which included a police offense report, although the PSI was not introduced into evidence and is not a part of the record on appeal. Judge Keel did not state that she took judicial notice of the court's file. At the conclusion of the hearing, Judge Keel found appellant guilty and sentenced her to fifteen

---

[1] Appellant was also charged with aggravated assault and aggravated rape, but these charges were dropped apparently as part of the agreement under which appellant pleaded guilty to the aggravated robbery charge.

[2] The witnesses' testimony is discussed in more detail below.

years' imprisonment.

*Governing Law*

Although the United States Constitution does not require substantiation of a guilty plea in state court, Texas Code of Criminal Procedure article 1.15 does provide this additional procedural safeguard. Tex. Code Crim. Proc. art. 1.15; *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Under the article, a court may not enter a conviction in a felony case based on a guilty plea unless evidence is presented establishing guilt in addition to and independent of the plea. Tex. Code Crim. Proc. art. 1.15; *Menefee*, 287 S.W.3d at 13-14. The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged. *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Evidence substantiating a guilty plea can take several possible forms. *Menefee*, 287 S.W.3d at 13. Article 1.15 itself states that a defendant may consent to the presentation of evidence either by oral testimony or in written form, or to an oral or written stipulation of what the evidence would be, without necessarily admitting to its veracity or accuracy. *Id*. Additionally, courts have recognized that a defendant may enter a sworn written confession, or may testify under oath in open court, admitting his or her culpability or at least acknowledging generally that the allegations against him or her are in fact true and correct. *Id*. A deficiency in one form of proof may be compensated for by other competent evidence in the record. *Id*. at 14. Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea. *See id*. at 18-19 (remanding in part for determination of whether evidence at sentencing hearing was sufficient); *Menefee v. State*, No. 12-07-00001-CR, 2010 WL 3247816, at *1, *6-7 (Tex. App.—Tyler 2010, pet. ref'd) (not designated for publication) (finding evidence at sentencing hearing was sufficient).

3

*Analysis*

Appellant signed a written confession that was also signed as approved by Judge Duggan. A written confession approved by the court, and thus considered by the court, can be sufficient to substantiate a guilty plea even if not introduced into evidence. *See, e.g., Palacios v. State*, 942 S.W.2d 748, 750 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *Rexford v. State*, 818 S.W.2d 494, 495-96 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). The circumstances in the present case are to some degree distinguishable from those in *Palacios* and *Rexford*. Here, the judge who approved the confession, Judge Duggan, was not the judge who subsequently found appellant guilty, and there is no indication in the record that Judge Keel, who did find appellant guilty, considered the confession. The confession was not introduced into evidence at the sentencing hearing presided over by Judge Keel, and Judge Keel did not take judicial notice of the court's file or indicate that she had reviewed the file generally or the confession specifically. However, we need not consider whether the written confession could nonetheless substantiate the guilty plea because the evidence adduced during the sentencing hearing was sufficient to substantiate the plea.

As stated above, appellant was indicted for aggravated robbery with a deadly weapon. In order to substantiate appellant's plea of guilty to the offense as charged, the State was required to present evidence that appellant, while in the course of committing theft of property owned by Noah Hunter and with intent to obtain or maintain control of that property, intentionally or knowingly threatened or placed Cory-Ann Neil in fear of imminent bodily injury or death through use or exhibition of a deadly weapon, specifically a firearm. *See* Tex. Penal Code §29.03. Under the law of parties, appellant could be held "criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id*. § 7.02(a)(2).[3] A conviction under the law of parties requires a showing that, at the time of

---

[3] At the sentencing hearing, the State urged the judge to find appellant guilty under the law of

4

the offense, the parties were acting together, each contributing to their common purpose. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). Mere presence of an accused at the scene of an offense will not support a conviction under the law of parties, but it is a circumstance, which combined with other facts, may show that the accused was a participant. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979).

In her testimony at the sentencing hearing, Neil, a high school student at the time, described events occurring in the early morning hours of October 3, 2010. According to Neil, she had arranged to meet her friend Hunter and was talking to him on the telephone regarding when and where to meet when Hunter was approached by several people, one of whom had a gun. Hunter sounded "nervous and a little freaked out." The phone "cut off," after which Neil attempted to call Hunter back numerous times before he again answered. Within 15 seconds, a different male voice came over the phone. This person instructed Neil to meet them and not call the police. Neil was afraid and was concerned about what was happening to Hunter. The male called Neil back several times before she arrived at a high school football field where she saw Neil standing with appellant and three males, one of whom had a gun.

Neil further described that Hunter was hit several times, including at least once with the gun. Neil herself was forcibly raped by two of the males. Afterwards, when one of the males again began to sexually assault Neil, appellant said, "Stop . . . [l]et's just get the money." Appellant and the three males then discussed "what they were going to do . . . to get money and stuff." The group walked to Hunter's house, where appellant went around a corner to make sure no one was there and was "on lookout," while Hunter went inside, apparently to get his ATM card. They then walked to a gas station near a grocery store. Two of the males, including one with the handgun, stayed with Neil at the gas

---

parties. It is well settled that the law of parties may be applied in a case even when no such allegation is contained in the indictment. *Adames v. State*, 353 S.W.3d 854, 861 (Tex. Crim. App. 2011); *Montoya v. State*, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989); *see also Conner v. State*, Nos. 01-01-00433-CR, 01-01-00434-CR, 01-01-00435-CR, 2001 WL 1383113, at *2 (Tex. App.—Houston [1st Dist.] Nov. 8, 2001, no pet.) (not designated for publication) (applying law of parties in article 1.15 substantiation analysis). Appellant does not argue otherwise in this appeal.

station, while appellant and the remaining male took Hunter inside to withdraw money from an ATM. When appellant, Hunter, and the one male returned from the grocery store with the money, appellant and the three males discussed how to split the money. Finally, Neil and Hunter were allowed to leave, but only after Neil was told that she had to deliver at least $200 to them or they would hurt her brother. Neil believed that the telephone number she was supposed to call when she had the money was appellant's number.

In her testimony, appellant corroborated much of Neil's testimony regarding the events of October 3, 2010; however, appellant attempted to minimize her role in the events, stating that as the only female in the group, she was afraid that something would happen to her if she tried to leave. Appellant specifically acknowledged knowing that one of the males had a handgun prior to the beginning of the encounter with Hunter, and she acknowledged receiving some of the money that Hunter withdrew from the ATM.

This evidence was sufficient to demonstrate that appellant was criminally responsible for aggravated robbery. The evidence demonstrated that at the time of the offense, the parties were acting together, each contributing to their common purpose. The evidence further demonstrated that in the course of committing theft of property owned by Hunter and with the intent to obtain or maintain control of that property, appellant or her accomplices intentionally or knowingly threatened or placed Neil in fear of imminent bodily injury or death through use or exhibition of a deadly weapon, specifically a firearm. Accordingly, the evidence substantiates appellant's guilty plea, and we overrule her sole issue on appeal.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
       Justice


Panel consists of Justices Boyce, Christopher, and Jamison.
Publish — TEX. R. APP. P. 47.2(b).

6