**Affirmed and Memorandum Opinion filed August 22, 2013.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-12-00715-CR**
**NO. 14-12-00716-CR**
**NO. 14-12-00720-CR**

---

**WILBURT DWAINE CASH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 11-DCR-057110, 11-DCR-057111, 10-DCR-055517**

---

## M E M O R A N D U M   O P I N I O N

In three separate appeals, appellant Wilburt Dwaine Cash contends the evidence is legally insufficient to support his convictions for (1) tampering with a witness committed on or about March 11, 2011 (14-12-00715-CR), (2) tampering with a witness committed on or about March 12, 2011 (14-12-00716-CR), and (3)

aggravated assault committed on or about September 12, 2010 (14-12-00720-CR). We affirm.

## SUFFICIENCY OF THE EVIDENCE: GUILTY PLEA

Appellant was charged with six separate felonies. He pleaded guilty to five of the offenses and was found guilty of the sixth offense following a bench trial. We recently disposed of appellant's appeals regarding three of these felonies. *See Cash v. State*, Nos. 14-12-00718-CR, 14-12-00719-CR, 14-12-00728-CR, 2013 WL 3179382 (Tex. App.—Houston [14th Dist.] July 30, 2013, no pet. h.) (mem. op., not designated for publication). Regarding the three felonies that are the subject of this appeal, appellant pleaded guilty without plea bargains or waivers of his right to appeal.[1] Appellant contends the evidence is legally insufficient to support his convictions for these three felony offenses.

On appeal from a felony guilty plea to the court, our review is limited to determining whether sufficient evidence supports the judgment under article 1.15 of the Code of Criminal Procedure. *Ex Parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). Under article 1.15, a court may not enter a conviction in a felony case based on a guilty plea to the court unless evidence is presented establishing guilt in addition to and independent of the plea. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2011); *Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009). The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged. *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Evidence substantiating a guilty plea can take several possible

---

[1] We determined appellant's waivers of appeal in these cases were invalid and abated for the trial court to correct its certifications of appellant's right to appeal these cases. We have received supplemental clerk's records containing the trial court's corrected certifications.

forms, including the defendant's sworn, written confession. *Menefee*, 287 S.W.3d at 13. A written confession approved by the court, and thus considered by the court, can be sufficient to substantiate a guilty plea even if not introduced into evidence. *Jones*, 373 S.W.3d at 793.

When appellant pleaded guilty to the felonies in the case under review, he swore to and signed written confessions that he committed all the acts alleged in the indictments. The trial court approved the confessions, finding appellant made them voluntarily and knowingly. Appellant argues evidence presented during the bench trial on the offense for which he pleaded not guilty was insufficient to prove he committed the felonies to which he pleaded guilty. Appellant urges us to ignore his written confessions in light of this alleged insufficiency. However, applying the standard of review applicable when a defendant pleads guilty to a felony, it is clear appellant's written confessions are sufficient to satisfy the evidentiary requirements of article 1.15. *See Keller v. State*, 125 S.W.3d 600, 605–06 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding, under article 1.15, appellant's confession was sufficient evidence he used deadly weapon, regardless of whether evidence presented at trial supported such finding), *pet. dism'd, improvidently granted*, 146 S.W.3d 667 (Tex. Crim. App. 2004) (per curiam). Accordingly, we overrule appellant's sole issue in each case.

We affirm the trial court's judgments in cause numbers 14-12-00715-CR, 14-12-00716-CR, and 14-12-00720-CR.


/s/     John Donovan
        Justice


Panel consists of Justices Frost, Jamison, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

3