

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00201-CR

KYLER BENJAMIN BRASSFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 5331, Honorable Stuart Messer, Presiding

October 6, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Kyler Benjamin Brassfield was indicted for aggravated sexual assault. Pursuant to a plea bargain, he pled guilty to the lesser offense of indecency with a child, a second degree felony, and received ten years deferred adjudication. The State then filed a motion to adjudicate alleging multiple violations of the conditions of appellant's community supervision. After a hearing, the court adjudicated appellant's guilt and sentenced him to sixteen years confinement.

In two issues, appellant challenges his conviction by arguing that 1) his conviction and sentence are void because the stipulation of evidence he signed only supported a conviction for a third degree felony and 2) his counsel was ineffective for not objecting to his conviction and sentence. We affirm the judgment.

*Void Conviction and Punishment*

A person commits indecency with a child in two ways. In the first, he does so if, with a child younger than seventeen years of age, he engages in sexual contact with the child or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). In the second, he acts with intent to arouse or gratify the sexual desire of any person, and exposes his anus or any part of his genitals knowing the child is present or causes the child to expose the child's anus or any part of the child's genitals. *Id.* § 21.11(a)(2)(A)&(B). An offense under subsection (a)(1) is a felony of the second degree, and an offense under subsection (a)(2) is a felony of the third degree. *Id.* § 21.11(d).

The adjudication order and the plea hearing indicate that appellant pled guilty to a second degree felony. However, the stipulation of evidence signed by appellant and offered into evidence at the plea hearing recites "I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case[:] On or about the **14**th day of **March,** 2013 in **CARSON** County, Texas, did then and there with intent to arouse and gratify the sexual desire of the defendant, intentionally or knowingly expose the defendant's genitals knowing that F-13001086, a child younger than 17 years of age, was present." Pursuant to the statute, the described offense is a third degree felony and the range of punishment for a third

degree felony is any term of not more than ten years or less than two years. TEX. PENAL CODE ANN. § 12.34(a) (West 2011).

Nevertheless, appellant also signed a written judicial confession in which he stated: "I, the defendant, state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged as well *as all lesser included* offenses." (Emphasis added). The second degree offense of indecency with a child is a lesser included offense of aggravated sexual assault when both charges are based on the same incident. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2008); *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998).

There must be sufficient evidence in the record to support a guilty plea. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). A stipulation that does not establish every element of the offense does not authorize a conviction. *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). However, a deficiency of one form of proof such as a defective written stipulation of evidence may be compensated for by other competent evidence in the record, *id.*, and a judicial confession alone is sufficient to support a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979). The same is true of a judicial confession not introduced at the hearing as an exhibit as long as it has been approved by the court and appears in the record. *Jones v. State,* 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *but see McDougal v. State*, 105 S.W.3d 119,120-21 (Tex. App.—Fort Worth 2005, pet. ref'd) (stating that the contents of the clerk's record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence). Here, the trial court

signed the document containing the judicial confession and in the same document declared that it found the judicial confession to be true and received it. Additionally, appellant testified at the adjudication hearing and orally confessed to having sex with a thirteen or fourteen-year-old girl. Thus, even though the stipulation of evidence was deficient with respect to a second degree felony, the written or oral judicial confession provided evidence of guilt of the same and authorized a punishment of sixteen years. *Ybarra v. State*, 93 S.W.3d 922, 927 (Tex. App.—Corpus Christi 2002, no pet.) (finding a judicial confession sufficient to support a plea even when the stipulation of evidence could not be considered).

*Ineffective Assistance of Counsel*

To establish ineffective assistance of counsel, appellant must show not only deficient performance but that he suffered prejudice as a result. *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Appellant argues that his counsel should have recognized that the stipulation of evidence only supported conviction for a third degree felony. However, we have determined that the judicial confessions support the conviction of a second degree felony. Therefore, even assuming error, appellant failed to show he suffered prejudice.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.

4