# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00208-CR

**Raul Garcia, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 74493, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Raul Garcia, Jr., was charged with the aggravated sexual assault of his stepdaughter, L.L., who was under the age of fourteen years old at the time of the assault. *See* Tex. Penal Code § 22.021(a)(1)(B)(i), (a)(2)(B) (setting out elements of offense), (e) (stating that offense is first-degree felony). In an open plea, Garcia pleaded guilty to the charge and signed a judicial confession as part of his plea paperwork. After accepting Garcia's plea and finding him guilty of the offense, the district court sentenced Garcia to 50 years' imprisonment. *See id.* § 12.32 (listing permissible punishment range for first-degree felony). In a single issue on appeal, Garcia challenges the sufficiency of the evidence supporting his guilty plea. We will affirm the district court's judgment of conviction.

## DISCUSSION

**Sufficiency of the Evidence**

In his sole issue on appeal, Garcia contends that the district court erred by accepting his plea because the evidence presented in support of that plea did not satisfy the requirements of article 1.15 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 1.15. Article 1.15 imposes a procedural safeguard before a trial court may render a conviction based on a guilty plea. *Id.*; *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Specifically, the provision prohibits a court from "render[ing] a conviction in a felony case" unless evidence was presented supporting the defendant's guilt even when a defendant enters a plea of guilty. *Menefee*, 287 S.W.3d at 13. "The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged." *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Menefee*, 287 S.W.3d at 13-14 (discussing types of evidence that may be considered). "A deficiency in one form of proof may be compensated for by other competent evidence in the record." *Jones*, 373 S.W.3d at 793. A judicial confession can satisfy the requirements of article 1.15 if it embraces all of the elements of the charged offense. *See Menefee*, 287 S.W.3d at 13.

As discussed previously, Garcia was charged with aggravated sexual assault of a child. The relevant portions of the Penal Code state that someone commits that offense if he "intentionally or knowingly . . . causes the penetration of the . . . sexual organ of a child by any means" and if "the victim is younger than 14 years of age." Tex. Penal Code § 22.021(a)(1)(B)(i), (a)(2)(B). Consistent with those provisions, the indictment in this case set out the elements of the

2

offense by alleging that Garcia "did then and there intentionally or knowingly cause the penetration of the sexual organ of [L.L.], a child who was then and there younger than 14 years of age, by the defendant's sexual organ." During the plea hearing, Garcia pleaded guilty to the charged offense. In addition, as part of his plea, Garcia signed a judicial confession, which stated that he read the "indictment . . . in this case and I committed each and every act alleged therein . . . . All facts alleged in the indictment . . . are true and correct. I am guilty of the instant offense as well as all lesser included offenses." During the plea hearing, the district court took judicial notice of the judicial confession, and Garcia stated that he had "[n]o objection" when the State asked the court to take judicial notice of the confession and other plea paperwork.

In challenging the sufficiency of the evidence, Garcia points to *Menefee*, in which the court of criminal appeals discussed different ways in which a guilty plea may be supported in order to satisfy article 1.15. *See* 287 S.W.3d at 13-14. Specifically, Garcia notes that the court explained that "[e]vidence offered in support of a guilty plea may take many forms," including the proffer of evidence, oral or written stipulations of what the evidence would be, a sworn written statement from the defendant, and testimony from the defendant under oath. *See id.* at 13. Further, Garcia insists that the State did not produce evidence falling into any of the categories of supporting evidence listed above. In particular, although Garcia admits that he signed a judicial confession, he contends that the confession was insufficient because it was not sworn and because there was no jurat showing that the confession was made while he was under oath. Similarly, although Garcia acknowledges that he answered, "Yes," when the district court asked him if he committed the offense during the plea hearing, he notes that he was not under oath when he answered the question posed by the district court and entered his guilty plea and, therefore, argues that his statement admitting that he

3

committed the offense could not constitute competent evidence to support his plea. Finally, he urges that the "evidence supporting [his] guilty plea was only sufficient to" prove "the lesser-included offense of indecency with a child by contact." More specifically, Garcia contends that nothing in L.L.'s testimony during the punishment hearing demonstrated that he penetrated her sexual organ. Accordingly, he asserts that the district court's judgment should be reformed to reflect a conviction for indecency with a child by contact and that this Court should remand the case for a new punishment hearing.

Recently, we explained that "it is well-established that a judicial confession need not be sworn to before a clerk or other authority to support a conviction." *Weatherspoon v. State*, No. 03-15-00237-CR, 2016 WL 3919673, at *2 (Tex. App.—Austin July 15, 2016, no pet. h.) (mem. op., not designated for publication); *see Walker v. State*, No. 03-03-00018-CR, 2003 WL 21554285, at *2 (Tex. App.—Austin July 11, 2003, no pet.) (mem. op., not designated for publication) (noting that "[t]here is no requirement that the defendant swear to the waiver and stipulation before the clerk or anyone else"); *Ybarra v. State*, 93 S.W.3d 922, 927 n.4 (Tex. App.—Corpus Christi 2002, no pet.) (observing that "the judicial confession was neither sworn to before the clerk nor signed by the judge" but explaining that "these omissions do not affect either the confession's validity or admissibility"); *Weiss v. State*, Nos. 05-92-01764—01768-CR, 1997 WL 53354, at *2 (Tex. App.—Dallas Feb. 11, 1997, no writ) (not designated for publication) (stating that "[j]udicial confessions are evidentiary in nature and are not required to be sworn").

In fact, on the day that Garcia filed his brief in this case, this Court issued an opinion addressing a similar situation where a defendant entered an open plea and signed an unsworn

4

judicial confession as part of his plea paperwork in which he admitted "that he had read the information 'in this case,' that he 'committed each and every act alleged,' and that '[a]ll facts alleged in the . . . information are true and correct,'" and this Court determined that "[i]f a judicial confession states that the defendant has read the charging instrument and that he admits to having committed each alleged act, the confession alone is sufficient to support a conviction from a guilty plea under article 1.15." *Scott v. State*, No. 03-15-00096-CR, 2016 WL 4506156, at *2, *4 (Tex. App.—Austin Aug. 24, 2016, no pet. h.) (mem. op., not designated for publication); *see Chindaphone v. State*, 241 S.W.3d 217, 218, 220 (Tex. App.—Fort Worth 2007, pet. ref'd) (concluding that judicial confession was sufficient to support plea where it stated as follows: "I have read the indictment or information filed in this case and I committed each and every act alleged therein"). In reaching this conclusion, this Court rejected the assertion that *Menefee* requires that a judicial confession be sworn before it can properly support a guilty plea. *Scott*, 2016 WL 4506156, at *3 n.2. Further, this Court explained that "[b]ased on the language of the judicial confession and the information, we must conclude that the judicial confession embraced every element of the charged offense and 'contained sufficient reference to the [information]'s allegations to support the trial court's conviction on his guilty plea under article 1.15.'" *Id.* at *4 (quoting *Weatherspoon*, 2016 WL 3919673, at *3); *see also Brooks v. State*, Nos. 03-13-00251—00254-CR, 2014 WL 2918000, at *2-4 (Tex. App.—Austin June 19, 2014, no pet.) (mem. op., not designated for publication) (determining that conviction on guilty plea was proper when defendant signed stipulation of guilt stating that he had read indictments, which set out all required elements, and that State's evidence would show that he had committed all alleged acts); *Tijerina v. State*, 264 S.W.3d 320, 323-24 (Tex.

5

App.—San Antonio 2008, pet. ref'd) (mem. op.) (concluding that conviction on guilty plea was proper when defendant signed document stating that he judicially confessed that "'all the acts, charges, and allegations'" in indictment were "'true and correct'"); *Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref'd) (explaining that "judicial confession is sufficient to sustain a conviction upon a guilty plea even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct").[1]

In light of our prior controlling precedent, of the language of the indictment in this case, and of the fact that the language in the judicial confession at issue in *Scott* is nearly identical to the language present here, we must also conclude that the judicial confession in this case embraced every element of the charged offense and was sufficient to support Garcia's conviction under article 1.15. Having determined that Garcia's plea of guilty to the charge of aggravated sexual assault of a child is properly supported by his judicial confession, we need not address Garcia's remaining arguments challenging whether his plea was otherwise properly supported, including Garcia's assertion that the evidence presented during the punishment hearing was insufficient. *See Scott*, 2016 WL 4506156, at *2; *see also id.* at *1 (explaining that various "courts have held that

---

[1] In his brief, Garcia asserts that the district court's taking judicial notice of the judicial confession was a "nullity" because trial courts cannot properly take judicial notice of judicial confessions and because the confession was not admitted into evidence. We fully addressed and rejected those arguments in *Scott v. State*, No. 03-15-00096-CR, 2016 WL 4506156, at *2 n.1 (Tex. App.—Austin Aug. 24, 2016, no pet. h.) (mem. op., not designated for publication); *see also Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (providing that "[a] written confession approved by the court, and thus considered by the court, can be sufficient to substantiate a guilty plea even if not introduced into evidence"); *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd) (explaining that trial courts may take judicial notice of judicial confessions and that if trial court does take judicial notice of judicial confession, "the State is not required to introduce the judicial confession into evidence").

evidence produced during the punishment hearing can be considered when determining if a guilty plea is properly supported").[2]  Accordingly, we overrule Garcia's sole issue on appeal.

## CONCLUSION

Having overruled Garcia's issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   September 28, 2016

Do Not Publish

_____

[2] Although we do not address Garcia's argument that the evidence presented during the punishment hearing only established his guilt of the lesser-included offense of indecency by contact because the evidence did not establish that he penetrated L.L.'s sexual organ, we do note that L.L. testified that there was at least "[o]ne time" when Garcia put his "middle part" into "her private." Further, she testified regarding multiple text messages that were sent from Garcia's phone to her phone indicating that he had already penetrated L.L.'s sexual organ with his penis or intended to in the near future.

7