

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00209-CR
_____

**KAREN GAIL WETTERMAN, APPELLANT**

**V.**

**STATE OF TEXAS, APPELLEE**

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 27,062-C; Honorable Ana Estevez, Presiding

July 27, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea of guilty without a recommendation as to punishment, Appellant, Karen Gail Wetterman, was convicted of the third degree felony offense of driving while intoxicated.[1]  Appellant's potential range of punishment was enhanced by two prior felony

---

[1] TEX. PENAL CODE ANN. § 49.04 (West 2011), § 49.09 (West Supp. 2017).

convictions for driving while intoxicated.[2] Following pleas of "not true" to the enhancement allegations, the trial court found the allegations to be "true" and assessed her sentence at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. By a single issue, stated in three parts, Appellant maintains the evidence presented to support her plea of guilty was insufficient where (1) no evidence was presented during her plea hearing, (2) the judicial confession did not provide evidence of her guilt, and (3) she did not provide sworn testimony in support of her plea. We affirm the judgment of the trial court.

BACKGROUND

On November 16, 2016, Appellant was indicted for the offense of driving while intoxicated, an offense alleged to have been committed in Randall County, Texas, on the 12th day of September 2016. In addition to the primary offense, the indictment contained allegations of two prior convictions for driving while intoxicated, elevating the offense to a third degree felony. Also included were allegations of two different prior convictions for felony driving while intoxicated, further elevating the applicable range of punishment.

On the day Appellant was scheduled for a jury trial, she appeared in person and by counsel and announced that she had decided to enter a plea of guilty, before the trial court, without an agreement as to a punishment recommendation from the prosecutor. Pursuant to that plea, Appellant signed several documents which included language intended to waive her right to a jury trial, her right to cross-examine witnesses, and her

---

[2] As enhanced the offense was punishable by confinement for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).

2

right to present evidence in defense of the primary offense. The documents signed included a sworn *Plea Memorandum* that acknowledged the range of punishment as being "25 to 99 or life and a fine of $_____," and contained a *Judicial Confession* stating that she "judicially confesses to the offense of DWI exactly as charged in the indictment." During the course of her plea hearing, the trial court questioned her on whether she did in fact want to waive those rights and enter a plea of guilty without a recommendation as to punishment. Appellant answered those inquiries in the affirmative. The State presented no evidence during the guilt/innocence phase of the proceeding, and after both sides "rested," the trial court pronounced her guilty as charged.

The hearing proceeded to the punishment phase, where, the State offered the testimony of numerous witnesses establishing the essential elements of the offense of driving while intoxicated, as charged in the indictment. The State also offered evidence of the two enhancement allegations. Appellant also testified. After both the State and Appellant "closed," the trial court sentenced her to twenty-five years confinement.

ARGUMENT AND ANALYSIS

The gist of Appellant's argument is that the State failed to offer any evidence in support of her plea of guilty. While the United States Constitution does not require that the State present evidence in support of a guilty plea, article 1.15 of the Texas Code of Criminal Procedure does provide that "in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Menefee v. State*, 287 S.W.3d 9, 13-14 (Tex. Crim. App. 2009); TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

Relying on *McDougal v. State,* 105 S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2003, pet. ref'd), Appellant contends that where, as here, the trial court understood and believed the defendant signed and filed with the clerk certain documents in support of her plea of guilty, but the State failed to offer and admit those documents in open court during the plea, then the evidence in support of the plea was insufficient.  Notwithstanding this argument, Appellant also candidly acknowledges that there is a "vast body of law" holding that, in cases where the defendant has entered a plea of guilty, punishment phase evidence may be used to substantiate a plea of guilty for purposes of article 1.15.  *See Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Appellant simply contends this "body of law is incorrect and should be overturned."

Where a defendant knowingly, intelligently, and voluntarily pleads guilty or nolo contendere to a felony, the appellate standards of review for legal sufficiency do not apply. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988); *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); *O'Brien v. State*, 154 S.W.3d 908, 910 (Tex. App.—Dallas 2005, no pet.).  Although the State must introduce evidence into the record establishing the defendant's guilt, there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt.  *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, the supporting evidence must simply embrace each essential element of the offense charged.  *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *McGill*, 200 S.W.3d at 330.

A sworn written confession acknowledging guilt as to the offense charged, standing alone, is sufficient to satisfy the requirements of article 1.15.  *Menefee*, 287

4

S.W.3d at 13; *Keller v. State*, 125 S.W.3d 600, 604-05 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd), *cert. denied*, 544 U.S. 906, 125 S. Ct. 1603, 161 L. Ed. 2d 280 (2005). A judicial confession need not be offered into evidence to support a plea of guilty as long as it has been approved by the court and appears in the record. *See Chamberlain v. State,* No. 07-14-00011-CR, 2015 Tex. App. LEXIS 3905, at *15 (Tex. App.—Amarillo April 16, 2015, pet. ref'd) (per curiam) (mem. op., not designated for publication); *Jones*, 373 S.W.3d at 793. Here, the State did not offer Appellant's judicial confession into evidence, but the trial court acknowledged and referred to the *Plea Memorandum* in discussing the voluntariness of her plea. The document was clearly before the trial court during the plea hearing and it appears in the appellate record. As such, we find it constitutes sufficient evidence supporting Appellant's plea of guilty. Accordingly, Appellant's issue is overruled.

Because we find the *Plea Memorandum* sufficiently supports Appellant's plea of guilty, we need not address her argument that we overturn binding case law holding that punishment phase evidence may also be used to substantiate a plea of guilty for purposes of article 1.15. *See* TEX. R. APP. P. 47.1.

CONCLUSION

The judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice

Do not publish.