

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00230-CR

———————————————————

RYAN LEE YOUNG, Appellant

V.

THE STATE OF TEXAS

———————————————————

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR21-0830

———————————————————

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. Introduction

Appellant Ryan Lee Young appeals his conviction for the offense of "driving while intoxicated third or more." *See* Tex. Penal Code Ann. §§ 49.04(a)–(b), 49.09(b)(2). On appeal, Young argues in a single point that the evidence supporting his guilty plea was insufficient to comply with Article 1.15 of the Texas Code of Criminal Procedure. We will affirm.

### II. Background

On February 13, 2021, Young was involved in a one-vehicle accident on Interstate 20. According to Officer Jeffery Ivey, the highway patrolman who responded to the accident, it appeared that Young's vehicle had gone into the borrow ditch in the center median, causing it to flip and then land on the other side of the highway upside down.

Although Officer Ivey believed that Young was intoxicated based on his observations after arriving at the scene, he did not conduct a field sobriety test because Young had potentially sustained a head injury and needed to be taken to the hospital. However, Officer Ivey obtained a warrant for a blood test, and a nurse drew a blood sample from Young at the hospital. The blood test showed that Young's blood alcohol concentration was 0.230, which is almost three times the legal limit.[1]

---

[1] *See* Tex. Penal Code Ann. § 49.01(2)(B)("'Intoxicated' means . . . having an alcohol concentration of 0.08 or more.").

Young was charged with the felony offense of driving while intoxicated (DWI) with two previous DWI convictions—one on June 16, 2008, and one on August 16, 2010. The indictment also included an enhancement paragraph alleging that Young had previously been convicted of the felony offense of "Driving While Intoxicated and Felony Repetition" on January 13, 2017.

On September 21, 2022, Young, his attorney, the State's attorney, and the trial court signed a document entitled "Written Plea Admonishments, Waiver of Rights, and Judicial Confession of Defendant, Joined by Attorney for Defendant." This document contains Young's signed judicial confession, which provides, immediately before Young's signature, that Young "request[s] that the Court consider this document as [his] judicial confession and as evidence supporting [his] plea in this cause." The document contains similar language immediately preceding both Young's attorney's and the State's attorney's signatures expressing that they each "request that the Court consider this document as evidence supporting Defendant's plea in this cause."

That same day, the trial court called Young's case for a bench trial. At the start of the proceeding, the trial court stated:

> And the State has offered Exhibits 1 through 5, and the Court, I believe, through agreement of counsel, has reviewed State's Exhibit 4 and State's Exhibit 5, Exhibit 5 being a video from Trooper Ivey. The Court has also viewed, via agreement of the parties, Exhibits 1 through 5 of defense, save and except there was one page that was not provided to the Court.

Neither party raised any objection.

3

The State's exhibits included a laboratory report showing Young's blood alcohol test results; copies of judgments showing Young had previously been convicted of DWI on June 16, 2008, and January 13, 2017; and Officer Ivey's investigative report. Young's exhibits included a document from a counseling program that contained the following table of data detailing his prior DWI offenses:

Mr. Young has reported the Parker County Court data with arrest info:

| September 2007 | DWI | Tarrant County: jail term |
| January 2010 | DWI 2ND | Tarrant County: jail term |
| March 2016 | DWI 3RD | Tarrant County: TDCJ |
| February 2021 | DWI 4th | Parker County pending |

After discussing the exhibits, the parties confirmed that Young intended to enter an open plea of guilty. Then the following exchange between the trial court and Young occurred:

The Court: And, Mr. Young, I'm holding a document that appears to bear your signature and the signature of your attorney. Do you recall signing these documents?

The Defendant: Yes, sir.

The Court: Did you have plenty of time to visit with your attorney about the document before you signed it?

The Defendant: Yes, sir.

The Court: Did your attorney explain the document to your satisfaction?

The Defendant: Yes, sir.

The Court: Answer any and all questions you have regarding this document?

| | |
|---|---|
| The Defendant: | Yes, sir. |
| The Court: | You understand that by signing this document and going forward today, that you are, in essence, admitting to engaging in the conduct as alleged by the State? |
| The Defendant: | Yes, sir. |
| The Court: | And you wish to go forward; am I correct? |
| The Defendant: | Yes, sir. |

Young then pleaded guilty to the charged offense and pleaded true to the enhancement paragraph. Based on Young's pleas, the trial court found him guilty and found the enhancement paragraph true.

The State called one witness, Officer Ivey. He described the nature of the accident and stated that based on his observations after arriving at the scene, he believed Young had been intoxicated.

Young also called one witness, his mother Gwen Young, who testified in support of his request to be placed on community supervision. On cross-examination, Young's mother testified that she remembered that Young had previously been convicted of DWI on June 16, 2008; that she was aware Young had a second DWI conviction approximately two years later in 2010; and that Young had gone to prison for a third DWI conviction stemming from an arrest that took place in 2015.

At the conclusion of the bench trial, the trial court sentenced Young to seventeen years' imprisonment. This appeal followed.

## III. DISCUSSION

In a single point, Young asserts that the evidence was legally insufficient to support his guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 1.15. We disagree.

While there is no constitutional requirement that the State present evidence to support a guilty plea, *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009), Article 1.15 of the Texas Code of Criminal Procedure imposes an additional procedural safeguard requiring "the state to introduce evidence into the record showing the guilt of the defendant" and prohibiting trial courts from convicting a person based on a guilty plea "without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15; *see Taylor v. State*, No. 03-14-00300-CR, 2014 WL 5315363, at *1 (Tex. App.—Austin Oct. 14, 2014, pet. ref'd) (mem. op., not designated for publication). "The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged." *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Such evidence "may take many forms," including a judicial confession, a written proffer, or a stipulation of what the evidence against the defendant would be. *Menefee*, 287 S.W.3d at 13–14.

Young argues that the evidence was insufficient to support his guilty plea because his written judicial confession—though entered into the clerk's record—was not admitted into evidence at trial. Specifically, Young contends that the record contains no proof that Young had two prior DWI convictions, which is an element of

6

his charged offense.[2]  *See* Tex. Penal Code Ann. 49.09(b)(2).  According to Young, because the trial court admitted evidence of only one of Young's prior DWI convictions and because the State cannot rely upon evidence introduced at the sentencing hearing to substantiate Young's guilt, Article 1.15's requirements were not met.  Young's argument lacks merit.

Although the trial court never formally admitted Young's judicial confession into evidence, neither Young nor the State objected when the trial court treated it as having been admitted.  If the parties do not object when the trial court treats evidence as having been admitted, such evidence is deemed to be formally admitted and may be considered to support the trial court's judgment.  *See Pitts v. State*, 916 S.W.2d 507, 509–10 (Tex. Crim. App. 1996); *see also Thomas v. State*, Nos. 02-19-00115-CR, 02-19-00116-CR, 02-19-00117-CR, 02-19-00118-CR, 2019 WL 6904290, at *2 (Tex. App.—Fort Worth Dec. 19, 2019, no pet.) (mem. op., not designated for publication)

---

[2]In his briefing, Young only argues that the evidence is insufficient to prove his two prior DWI convictions; he does not challenge the sufficiency of the evidence with respect to any other elements of his charged offense.  Thus, Young has forfeited any error regarding the sufficiency of the evidence concerning any of these other elements.  *See* Tex. R. App. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (holding that appellant's point of error was "inadequately briefed and presents nothing for review as this Court is under no obligation to make appellant's arguments for her"); *Jessop v. State*, 368 S.W.3d 653, 681, 685 (Tex. App.—Austin 2012, no pet.) (holding that because appellant failed to proffer any argument or authority with respect to his claims, he waived any error as to claims due to inadequate briefing); *Ochoa v. State*, 355 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) ("An appellant waives an issue on appeal if he fails to adequately brief that issue by presenting supporting arguments and authorities.").  Accordingly, we will address the evidence's sufficiency only with respect to Young's prior DWI convictions.

("Evidence that the parties treat as admitted is deemed to have been admitted." (first citing *Killion v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973); then citing *Rexford v. State*, 818 S.W.2d 494, 495–96 (Tex. App.—Houston [1st Dist.]), *pet. ref'd*, 823 S.W.2d 296 (Tex. Crim. App. 1991); and then citing *Pitts*, 916 S.W.2d at 509–10)). Here, as in *Thomas*, "the trial court referred to documents that in context could have only been the paperwork containing [Young's] judicial confession[]" when taking Young's guilty plea, and neither party objected. *See Thomas*, 2019 WL 6904290, at *2. Thus, Young's judicial confession is deemed to have been admitted and constitutes evidence supporting his guilty plea.[3] *See Pitts*, 916 S.W.2d at 509–10; *Thomas*, 2019 WL 6904290, at *2; *see also Menefee*, 287 S.W.3d at 13 (listing a judicial confession as one of "many forms" of evidence that may support a guilty plea).

---

[3]Young relies on two of our prior cases to support his argument that his judicial confession cannot be used to support his guilty plea. *See Collins v. State*, No. 02-20-00115-CR, 2021 WL 1323427, at *1 (Tex. App.—Fort Worth Apr. 8, 2021, pet. ref'd) (per curiam) (mem. op., not designated for publication); *McDougal v. State*, 105 S.W.3d 119, 120–21 (Tex. App.—Fort Worth 2003, pet. ref'd). In both of these cases, we stated in dicta that "[t]he contents of the clerk's record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence." *McDougal*, 105 S.W.3d at 120–21; *accord Collins*, 2021 WL 1323427, at *1. However, these cases are distinguishable. In both *Collins* and *McDougal*, the appellant failed to provide us with a reporter's record of the plea proceedings, so we were unable to determine whether the trial court had admitted the judicial confessions into evidence, had taken judicial notice of them, or—like the trial court in the present case—had treated them as having been admitted without objection. *See Collins*, 2021 WL 1323427, at *1; *McDougal*, 105 S.W.3d at 121. Here, unlike *Collins* and *McDougal*, the record clearly demonstrates that the trial court treated Young's judicial confession as having been admitted and that neither party objected; thus, the confession is deemed to be admitted. *See Pitts*, 916 S.W.2d at 509–10; *Thomas*, 2019 WL 6904290, at *2.

8

While Young's judicial confession alone would be enough to satisfy Article 1.15's requirements, *see Menefee*, 287 S.W.3d at 13, the record contains other evidence of his prior DWI convictions. Just after calling the case, the trial court admitted the State's and Young's exhibits, including Young's Exhibit 1, which as shown above, contains a table detailing all of his prior DWI offenses.[4] Moreover, Young's mother testified on cross-examination that she remembered that Young had previously been convicted of DWI in 2008 and 2010 and had gone to prison for a third DWI conviction stemming from an arrest that took place in 2015.[5] Thus, the record contains more than sufficient evidence of Young's prior convictions to satisfy Article

---

[4]We note that while the table's caption reflects that it contains Young's reported "arrest info," *see supra* p. 4, the third column of the table shows that Young served jail terms for the September 2007 and January 2010 DWIs and reflects "Tarrant County: TDCJ" for his third DWI in 2016, suggesting that Young served prison time for that offense. Thus, the table contains information from which a factfinder could reasonably infer that Young had been convicted of these three prior DWI offenses. *See Saenzpardo v. State*, No. 05-03-01518-CR, 2005 WL 941339, at *3 (Tex. App.—Dallas Apr. 25, 2005, no pet.) (not designated for publication) ("In determining sufficiency under [A]rticle 1.15, we look to the evidence and reasonable inferences or logical deductions therefrom . . . .").

[5]In his brief, Young asserts—without citing any authority—that "[t]he State cannot rely upon the evidence introduced in the sentencing hearing to substantiate Young's guilt." However, when—as here—the defendant pleads guilty, "the procedure becomes a 'unitary trial' to determine the remaining issue of punishment," *Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998), and in such a unitary trial, "evidence that is introduced at the 'punishment' stage of trial is considered in deciding the sufficiency of the evidence to prove guilt," *Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001); *see also Jones*, 373 S.W.3d at 793 ("Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea."). Thus, while we need not strictly rely upon Young's mother's testimony given the other evidence of Young's prior convictions, her testimony may nonetheless be considered as additional evidence substantiating Young's guilty plea. *See Jones*, 373 S.W.3d at 793.

1.15's requirements. *See Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (clarifying that for purposes of Article 1.15, "[t]he State . . . is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense"); *see also Jones*, 373 S.W.3d at 793 (same).

Because the record contains ample evidence to support Young's guilty plea, we overrule his sole point.

## IV. CONCLUSION

Having overruled Young's sole point, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 25, 2023