**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00349-CR**
_____

**MICHAEL ZACHARY HOWARD-DALE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-07-09331-CR**

**MEMORANDUM OPINION**

Michael Zachary Howard-Dale appeals from his conviction for aggravated assault against a public servant. *See* Tex. Penal Code Ann. § 22.02(b)(2)(B). After Howard-Dale pleaded guilty, the trial court held a sentencing hearing, found him guilty, and sentenced him to twenty-five years in prison. In one issue, Howard-Dale contends that the State failed to introduce sufficient evidence to support his conviction as required under article 1.15 of the Texas Code of Criminal Procedure. We affirm.

1

Procedural Background

The State filed an indictment charging Howard-Dale with two separate counts of aggravated assault against a public servant. Count I alleged that

> on or about July 05, 2021, and before the presentment of this indictment, in the County and State aforesaid, [Howard-Dale] did then and there, while using or exhibiting a deadly weapon, to-wit: a firearm, intentionally, knowingly, or recklessly cause bodily injury to Samuel Cleveland, a public servant lawfully discharging an official duty, and the defendant knew that Samuel Cleveland was a public servant[.]

Count II of the indictment alleged that

> on or about July 05, 2021, and before the presentment of this indictment, in the County and State aforesaid, [Howard-Dale] did then and there, while using or exhibiting a deadly weapon, to-wit: a firearm, intentionally or knowingly threaten Christopher McCain, a public servant lawfully discharging an official duty, with imminent bodily injury, and the defendant knew Christopher McCain was a public servant[.]

Howard-Dale pleaded guilty to Count I of the indictment in writing on April 11, 2023, concurrently waiving his rights to a jury, to confront and cross-examine witnesses, and against self-incrimination. The caption of the Admonitions to the Defendant for Plea to Court indicates that the admonitions apply to Count I of case number 21-07-09331-CR. The record reflects in that same document that Howard-Dale signed "Waivers, Consent, Judicial Confession & Plea Agreement" whereby Howard-Dale swore that:

> I **JUDICIALLY CONFESSES** [sic] to committing the offense of: **AGG ASSAULT AGAINST PUBLIC SERVANT** as charged by the indictment or information or as a lesser-included offense to the offense

2

charged in the indictment or information. If the information or indictment is amended, I further waive my notice requirements.

On the same day the written plea agreement was signed, a plea hearing was held before the district court. After the trial court reviewed the charge, range of punishment, competency, citizenship status, and waiver of jury trial with Howard-Dale, the trial court received Howard-Dale's guilty plea as follows:

THE COURT: All right. Understanding all that, how do you plea to that first-degree felony offense of aggravated assault against a public servant?

THE DEFENDANT: I plead guilty, Your Honor.

THE COURT: Do you plead guilty because you're actually guilty and for no other reason?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you pleading guilty freely and voluntarily?

THE DEFENDANT: Yes, Your Honor.

The trial court accepted Howard-Dale's plea of guilty to the first-degree felony offense of aggravated assault against a public servant, deferred any finding of guilt, and reset his case for sentencing.

The trial court held a sentencing hearing on October 30, 2023. At the conclusion of the hearing, the trial court found Howard-Dale guilty and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty-five years. That same day, the trial court signed a Motion

to Dismiss in Count II of case number 21-07-09331-CR. The trial court stated it was dismissing Count II because "[t]he Defendant pled guilty in cause number(s) – 21-07-09331 Count I[.]"

In his sole issue on appeal, Howard-Dale complains that for several reasons the State failed to introduce sufficient evidence to support his conviction as required under article 1.15 of the Texas Code of Criminal Procedure. First, Howard-Dale contends that his oral statements during the plea hearing are insufficient because they were not under oath and constituted merely an additional admonishment. Second, Howard-Dale argues his written judicial confession is insufficient because it does not identify which of the two counts in the indictment he pleaded guilty to. Third, Howard-Dale argues the judicial confession is insufficient because he did not swear that each of the elements of the offense was "true and correct."

Analysis

When a defendant pleads guilty to a felony, article 1.15 of the Texas Code of Criminal Procedure requires the State "to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15. "Article 1.15 requires substantiation of a guilty plea. By its plain terms it

4

requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009).

"Evidence offered in support of a guilty plea may take many forms." *Id*. at 13. For instance, a judicial confession, standing alone, is sufficient to support a guilty plea so long as it covers all the elements of the charged offense. *Id*.; *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g). A deficiency in one form of proof may be compensated for by other competent evidence in the record. *Menefee*, 287 S.W.3d at 14; *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Evidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea. *Jones*, 373 S.W.3d at 793; *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("article 1.15 does not distinguish between evidence offered at the guilt/innocence phase and the punishment phase of the trial[]"); *see also Menefee*, 287 S.W.3d at 18-19 (remanding in part for determination of whether evidence at sentencing hearing may also suffice to substantiate a guilty plea); *Menefee v. State*, No. 12-07-00001-CR, 2010 Tex. App. LEXIS 6665, at *20-21 (Tex. App.—Tyler Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (holding on remand that evidence at sentencing hearing was sufficient under article 1.15).

The State argues Howard-Dale's written judicial confession along with evidence admitted during the sentencing hearing was sufficient to support the trial

5

court's judgment that Howard-Dale is guilty of aggravated assault against a public servant. We agree. The Admonitions admitted into evidence as State's Exhibit 1 contain a paragraph wherein Howard-Dale "**JUDICIALLY CONFESSES** to committing the offense of: <u>**AGG ASSAULT AGAINST PUBLIC SERVANT**</u> as charged by the indictment[.]" The caption on the Admonitions clearly indicates it applies to Count I of the indictment. Count I of the indictment, in turn, correctly identifies each element of the offense, including identifying Samuel Cleveland as the victim. *See* Tex. Penal Code Ann. § 22.02(b)(2)(B) (listing elements of the offense of aggravated assault on public servant). The trial court subsequently entered a judgment of conviction as to Count I of the indictment and signed an order dismissing Count II because he pleaded guilty to Count I. Therefore, we reject Howard-Dale's argument that his judicial confession fails to identify the victim.

Citing the Court of Criminal Appeals opinion in *Menefee,* Howard-Dale complains that his judicial confession does not include language that the allegations in the indictment were "true and correct." 287 S.W.3d 9. We find *Menefee* distinguishable. The only evidence admitted during the plea hearing in that case was a "plea packet" which contained a written stipulation of evidence. *Menefee v. State,* No. 12-07-00001-CR, 2008 Tex. App. LEXIS 7089, at *4 (Tex. App.—Tyler Sept. 24, 2008), vacated, 287 S.W.3d 9 (Tex. Crim. App. 2009). The stipulation was defective because it omitted an element of the offense, and unlike the judicial

6

confession in the case before us, the stipulation made no reference to the indictment which contained the elements of the offense. *Menefee*, 287 S.W.3d at 11. The question was whether the omitted element could be supplied by a sworn colloquy during the plea hearing in which the defendant confirmed he was pleading guilty but did not testify that each of the elements of the offense was "true and correct." The Court of Criminal Appeals answered this question in the negative. *Id*.

We do not read *Menefee* to require a defendant to swear that each element of the offense is "true and correct" as if that were magic language that must be included in every judicial confession. Instead, the Court held that a guilty plea, even if confirmed by the defendant under oath in a colloquy during a plea hearing, is not the same as "confessing to the truth and correctness of the indictment or otherwise providing substance to the plea." *Id*. at 15. Here, Howard-Dale judicially confessed he committed the offense "as charged by the indictment[,]" and we need not determine whether his oral statements during the plea hearing are sufficient to supply a missing element, because no element is missing from the indictment's description of the offense to which he judicially confessed. *See Jones v. State*, 600 S.W.3d 94, 99–100 (Tex. App.—Dallas 2020, pet. ref'd) (Admonitions in which defendant confessed he "committed the offense . . . exactly as alleged in the charging instrument," standing alone, was sufficient under article 1.15.).

During the sentencing hearing, the State introduced evidence in the form of Cleveland's and McCain's body-camera videos as well as testimony from Cleveland. In the videos, Cleveland and McCain identify themselves and are in full uniform as they stand outside Howard-Dale's apartment. When Cleveland enters Howard-Dale's apartment, Howard-Dale shoots Cleveland four times. This is evidence that Howard-Dale intentionally, knowingly, or recklessly caused bodily injury to Samuel Cleveland, a public servant lawfully discharging an official duty, who the defendant knew was a public servant, and that Howard-Dale used or exhibited a firearm. *See* Tex. Penal Code Ann. § 22.02(a)(2), (b)(2)(B). In addition to Howard-Dale's judicial confession, the evidence during the sentencing hearing serves as a "basis for [the court's] judgment" thereby satisfying article 1.15. *See* Tex. Code Crim. Proc. Ann. art. 1.15; *Jones*, 373 S.W.3d at 793.

We overrule Howard-Dale's sole issue and affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on May 22, 2025
Opinion Delivered August 20, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.