Martha Hill Jamison, Justice *320 In two issues, appellant Raymond Goggins challenges the legal sufficiency of the evidence in support of his conviction for aggravated robbery with a deadly weapon and the trial court's denial of his request for a jury instruction on the lesser included offense of aggravated assault. We affirm.
Appellant and others were loitering near a bayou in Harris County, Texas when the complainant, Mario, approached the group to greet a friend. Appellant was holding a knife, and someone named Gonzalez asked Mario for a dollar. Mario said no and walked away. Appellant, Gonzalez, and another man, Lopez-Mendez, followed Mario. Gonzalez kept asking for money. The three men then circled Mario while appellant had the knife in his hand.
Mario testified that appellant wrapped his left arm around Mario's throat and pointed the knife at Mario's stomach while the other men emptied Mario's pockets. The men stole approximately $41 and a cell phone.
Lopez-Mendez also testified. He said he was hanging out with appellant, Gonzalez, and others drinking beer by the bayou on the day of the robbery. When Mario approached the group, appellant was playing with his knife and then put it in his pocket. After Mario refused to hand over a dollar and began walking away, Gonzalez told the others to follow Mario. Gonzalez and Lopez-Mendez approached Mario and came to stand on either side of him. Appellant then approached. Gonzalez and Lopez-Mendez checked Mario's pockets while appellant stood nearby displaying the knife. Gonzalez took Mario's money, and Lopez-Mendez took his phone. Lopez-Mendez testified that it did not seem as if appellant were threatening Mario, but "Mario was scared when he saw [appellant] with the knife."
I. Legally Sufficient Evidence of Intent to Commit Robbery
In his first issue, appellant asserts the jury's finding that appellant intended to rob Mario is not supported by legally sufficient evidence. When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. Gear v. State , 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing Jackson v. Virginia , 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ). We do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. Isassi v. State , 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. Id. This standard applies equally to both circumstantial and direct evidence. Id. Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. Hooper v. State , 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).
To establish that appellant committed aggravated robbery under the facts of this case, the State was required to prove that appellant committed robbery while using or exhibiting a deadly weapon. Tex. Penal Code § 29.03(a)(2). As relevant here, a person commits robbery if he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death while in the course of *321 committing theft. Id. § 29.02(a)(2). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, the person solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Id. § 7.02(a)(2). A conviction under the law of parties requires a showing that, at the time of the offense, the parties were acting together, each contributing to their common purpose. Jones v. State , 373 S.W.3d 790, 794 (Tex. App.-Houston [14th Dist.] 2012, no pet.). Mere presence of an accused at the scene of an offense will not support a conviction under the law of parties, but it is a circumstance that combined with other facts may show the accused was a participant. Id.
Appellant argues that the State did not establish he intended to commit robbery because (1) Gonzalez and Mario communicated in Spanish, which appellant purportedly does not understand;[1] (2) Lopez-Mendez testified that appellant approached after Gonzalez and Lopez-Mendez already had surrounded Mario; (3) the stolen money was found on Gonzalez; and (4) Lopez-Mendez testified that Gonzalez and others not including appellant were "hustling for money." However, Mario testified that appellant put his arm around Mario's throat and held the knife "[p]ointed at" Mario's stomach while Gonzalez and Lopez-Mendez emptied Mario's pockets. Lopez-Mendez also testified that appellant was standing nearby displaying the knife while Gonzalez and Lopez-Mendez took Mario's money and phone and Mario seemed scared when he saw appellant with the knife.
We conclude that the jury, as the sole judge of the credibility of the witnesses, reasonably could have found beyond a reasonable doubt that appellant threatened Mario with a knife during the robbery and in doing so, intended to act together with Gonzalez and Lopez-Mendez for the common purpose of robbing Mario. See Isassi , 330 S.W.3d at 638. We overrule appellant's first issue.
II. Waiver of Issue Regarding Lesser Included Offense
In his second issue, appellant contends the trial court erred in failing to submit to the jury an instruction on the lesser included offense of aggravated assault. Appellant's defense counsel did not request the instruction at trial. Instead, appellant's counsel requested an instruction on the lesser included offense of theft, which the trial court denied. Thus, we address whether the trial court had a duty to include an aggravated assault instruction in the jury charge sua sponte. See Tolbert v. State , 306 S.W.3d 776, 781 (Tex. Crim. App. 2010).
The trial judge has a duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. Tex. Code Crim. Proc. art. 36.14 ; Delgado v. State , 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). That includes the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions in or exclusions from the charge. Taylor v. State , 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). But a jury instruction on a lesser included offense is not the law applicable to the case without a request by the defense for its inclusion in the jury charge. Tolbert , 306 S.W.3d at 781-82. The judge does not have a duty to instruct the jury sua sponte on lesser included offenses. Id. Therefore, a defendant cannot prevail on appeal on a *322 complaint about the trial judge's failure to include a lesser included offense instruction unless he requested it or objected to its absence. Id. ; see also Vega v. State , 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) ("A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint.").
A request to instruct the jury on a lesser included offense must be specific and clear enough to apprise the trial court of the alleged deficiency. See Pennington v. State , 697 S.W.2d 387, 390 (Tex. Crim. App. 1985). If an appellant's argument on appeal regarding a lesser included offense does not comport with his objection or request at trial, the complaint is not preserved for appellate review. See Penry v. State , 903 S.W.2d 715, 753 (Tex. Crim. App. 1995) ; Pennington , 697 S.W.2d at 390 ; Johnson v. State , 416 S.W.3d 602, 614-15 (Tex. App.-Houston [14th Dist.] 2013, no pet.).
Because appellant did not request a lesser included offense instruction on aggravated assault, he did not preserve this issue for appellate review. We overrule appellant's second issue.
We affirm the judgment of the trial court.

The testimony in the record indicates that appellant communicated in English on the day of the offense. Appellant did not testify at trial.