**Affirmed and Memorandum Opinion filed May 23, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00202-CR

---

**MICHAEL ANDREW MARSHALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1502046**

---

## M E M O R A N D U M    O P I N I O N

Appellant Michael Andrew Marshall appeals his conviction for aggravated robbery contending there is insufficient evidence to support his conviction. We affirm.

### BACKGROUND

In the morning of February 27, 2016, Complainant Raul Ortiz was remodeling a small house he bought. He was working in the attic when he heard noises. He

looked outside and saw Appellant and another man jumping over the chain link fence. Appellant entered the porch and climbed up the ladder to the attic. The other man, who was holding a semi-automatic gun, entered the house through the back door. Appellant demanded Complainant's wallet. Complainant told Appellant that he only had $150 in his wallet and he threw the money down toward Appellant. Appellant then climbed down the ladder and went to Complainant's car. Appellant tried to start Complainant's car, but it would not start.

In the meantime, the other man came around the house and pointed the gun at Complainant. Complainant came down from the attic and fought with the man. During the fight, Complainant got shot in the chin but managed to take the gun away from the man. Complainant tried to shoot him, but the gun would not fire. Appellant then returned and a struggle ensued between Appellant and Complainant. Appellant wrested the gun from Complainant, reloaded the gun, and shot Complainant in the side. Appellant and the other man then fled the scene.

Appellant was indicted for aggravated robbery with a deadly weapon. A jury found Appellant guilty as charged and assessed his punishment at 50 years' confinement. Appellant filed a timely appeal.

## ANALYSIS

Appellant challenges the sufficiency of the evidence to support his conviction. More specifically, he argues the State presented insufficient evidence he was the perpetrator.

When reviewing the legal sufficiency of the evidence, we consider the combined and cumulative force of all admitted evidence and any reasonable inferences therefrom in the light most favorable to the verdict to determine whether a jury was rationally justified in its decision. *Johnson v. State*, 509 S.W.3d 320, 322

2

(Tex. Crim. App. 2017); *see also Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence; instead, we ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury may credit the testimony of the witnesses it chooses to believe, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *Id*.

In reviewing the sufficiency of the evidence, we look at "'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985)). It is not necessary that every fact and circumstance point directly and independently to the defendant's guilt; it is enough that the combined and cumulative force of all the incriminating circumstances supports the conviction. *Id*.

To establish Appellant committed aggravated robbery in this case, the State was required to prove he committed robbery while using or exhibiting a deadly weapon. *See* Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2019). As relevant here, a person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id*. § 29.02(a)(2) (Vernon 2019). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. *Id*. § 31.03(a) (Vernon 2019).

3

The jury was also instructed on the law of parties. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, the person solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id*. § 7.02(a)(2) (Vernon 2011). A conviction under the law of parties requires a showing that at the time of the offense, the parties were acting together, each contributing to their common purpose. *Goggins v. State*, 541 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Mere presence of an accused at the scene of an offense will not support a conviction under the law of parties, but it is a circumstance that combined with other facts may show the accused was a participant. *Id*.

Contrary to Appellant's assertion, there is legally sufficient evidence to establish he "was the perpetrator" and to support his conviction. Here, Complainant identified Appellant at trial and testified he is sure Appellant was the perpetrator "[b]ecause I saw him face-to-face. He asked me for my wallet, and then he shot me." Complainant also testified he "instantly" identified Appellant in a photo array, circling photo number 2 on the array. The State published the photo array to the jury, showing Appellant's photo circled. Additionally, Complainant testified he saw Appellant in May 2016 at Complainant's daughter's graduation from Shadydale Elementary School and that he called the police when he saw Appellant at the school.

Appellant claims that, "[a]t most, the State established that the 'tall' robber looked like LeBron James." Appellant points to Complainant's testimony, in which he acknowledged he did not "remember exactly" if he described Appellant as looking like Shaquille O'Neal or LeBron James "because this was about two years ago," but if the police report stated Appellant looked like LeBron James, "then I think that that's what I said."

However, Appellant improperly discounts the substantial evidence the State presented to the jury as discussed above. Complainant's testimony alone is sufficient to support the jury's finding Appellant was guilty of aggravated robbery. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) ("We conclude that the testimony of the eye witness alone was sufficient to support the jury's verdict."); *Jackson v. State*, 530 S.W.3d 738, 742 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("The testimony of a single eyewitness can be enough to support a conviction.").

In addition to Complainant's testimony, the jury heard a recording Appellant's brother's girlfriend, Tyasia Morgan, made of Appellant after the aggravated robbery. During the conversation with Morgan, Appellant stated he shot a "Mexican dude" during a robbery near Shadydale Elementary School. Appellant also stated that he and another man did not steal the victim's car but that he shot the victim and drove away. Morgan also identified Appellant's voice on the recording and testified Appellant's children attended Shadydale Elementary School at the time of the aggravated robbery. Further, a map admitted into evidence at trial showed Complainant's house was located very close to Shadydale Elementary School. This evidence corroborated Complainant's testimony as well as his in-court and out-of-court identifications of Appellant.

Viewing all of the evidence in the light most favorable to the verdict, we conclude that a jury, as the sole judge of the credibility of the witnesses, reasonably could have found beyond a reasonable doubt that Appellant committed aggravated robbery. *See Goggins*, 541 S.W.3d at 322; *see also Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.). We conclude the evidence is sufficient to support Appellant's conviction and we overrule Appellant's issue.

**CONCLUSION**

We affirm the trial court's judgment.


/s/     Meagan Hassan
          Justice


Do Not Publish — Tex. R. App. P. 47.2(b).

Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan.