**Affirmed and Memorandum Majority and Concurring Opinions filed September 30, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00789-CR

---

**JESUS CAJICA ZERMENO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 244th District Court
Ector County, Texas
Trial Court Cause No. C-18-0920-CR**

---

## MEMORANDUM MAJORITY OPINION

Appellant Jesus Cajica Zermeno appeals his convictions for murder and aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. §§ 19.02, 22.02(a)(2). In one issue, appellant argues the trial court erred when it included the "law of parties" in the jury charge. We affirm.

# I. BACKGROUND[1]

In May of 2018, appellant was indicted for the murder of Armando Nunez (count one) and aggravated assault with a deadly weapon of Rocky Hernandez (count two). He pleaded not guilty and proceeded to trial.

## A. Trial

At trial, the jury heard testimony from seventeen witnesses, including Lilia Zermeno, Omar Ramos, Rocky Hernandez, Bernadette Hernandez, Jose Nunez, Yaritza Morales, and Investigators Mike Whitfield and Corinna McMeans of the Ector County Sheriff's Office.[2] The testimony presented to the jury showed that, on November 15, 2017, Rocky got in a heated argument on the phone with appellant's mother, Lilia, over access to one of Rocky's stepchildren. Appellant overheard the argument and left to confront Rocky.

Rocky was at his motorhome with two of his uncles, Armando and Jose, when appellant knocked on the door.[3] Rocky opened the door and found appellant shirtless and urging him to come outside. Rocky removed his shirt, stepped outside of the motorhome, and began arguing with appellant. Armando also exited the motorhome behind Rocky.

Rocky testified that as he approached appellant, he was shot in the arm by another individual standing near some trees at the side of the motorhome. Rocky turned in the direction of the gunfire and saw Raul Vega. Armando ran and

---

[1] This case is before this Court as a transfer case from the Eleventh Court of Appeals in Eastland pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001. Because this is a transfer case, we apply the precedent of the Eleventh Court of Appeals to the extent it differs from our own. *See* Tex. R. App. P. 41.3.

[2] We will refer to individuals with the same last name by their first name to avoid confusion.

[3] At trial, appellant disputed that Jose was present when he arrived at Rocky's motorhome.

grabbed Rocky, told Rocky that he had also been shot, and both men fell to the ground. Rocky and Jose testified that while this occurred, appellant and Vera fired multiple shots at Armando and Rocky. Rocky retreated into the motorhome, and Armando remained outside on the ground. Jose and Rocky testified that appellant stood at the entrance of the motorhome and continued to fire at Rocky, who was trying to take cover inside the motorhome. Afterwards, appellant walked away from the entrance to the motorhome, and Jose and Rocky heard additional gunshots.

Armando died from his gunshot wounds. Rocky was taken to a hospital and treated for gunshot wounds to his arm, his lip, and his buttocks. Rocky testified that he initially told the police that appellant did not have or use a gun during the incident, but at trial he explained that he did so because he was afraid of appellant and for his family.

Morales, appellant's sister, testified that appellant and Vega were friends and were frequently seen together; that Vega had a reputation of not fighting fair because he used firearms in his fights; and that Vega was a "pistolero" or gunman. Lilia testified she saw Vega leaving appellant's apartment building with a suitcase after the shooting.

Investigator Whitfield testified that shell casings from two different guns were recovered at the scene, but the guns used during the crime were never found. A hoodie and a shirt recovered at the scene were found to have DNA from which appellant could not be excluded as a contributor. Investigator Whitfield testified there were two suspects in his investigation: appellant and Vega. He testified on cross-examination that Rocky told him that he did not see appellant with a gun or see him use a gun on the night of the shooting. Investigator McMeans also testified that Rocky told investigators that he did not observe appellant with a gun.

**B.    Jury Charge**

At the jury charge conference, appellant objected to the inclusion of the law of parties in the jury charge and asked for a continuance. Specifically, appellant argued (1) there was no evidence supporting its inclusion, and (2) the State did not request the instruction. Appellant also asked the trial court to "specifically apply the law of the parties . . . so the jury knows and understands how the evidence is such that [appellant] was a party" and to add that appellant's "presence alone will not constitute him a party to the offense."

The State argued that the inclusion of the law of parties was necessary because of appellant's defense—that he did not have a gun and did not shoot at Rocky and Armando. The trial court overruled appellant's objection, did not explicitly rule on his request for a continuance, and submitted a charge to the jury that defined the law of parties and included it in the application paragraph of the charge.

The jury charge provided:

**LAW OF PARTIES**

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Each party to an offense may be charged with the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one a party to an offense.

**APPICATION OF LAW TO THE FACTS**

**COUNT 1 – Murder**

4

Now, if you find from the evidence beyond a reasonable doubt that that [sic] on or about November 15, 2017, in Ector County, Texas, JESUS CAJICA ZERMENO, did then and there, acting alone or as a party as that term has been previously defined, intentionally or knowingly caused the death of an individual, namely Armando Nunez, by shooting Armando Nunez with a deadly weapon, to wit: a firearm, you will find the Defendant guilty and sign Verdict Form A, or if you find that Defendant JESUS CAJICA ZERMENO, acting with the intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided or attempted to aid another person to commit the offense, then you will find the Defendant guilty of the offense of Murder and sign Verdict Form A.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant and sign Verdict Form B.

**COUNT 2- AGGRAVATED ASSAULT WITH A DEADLY WEAPON**

Now, if you find from the evidence beyond a reasonable doubt that that [sic] on or about November 15, 2017, in Ector County, Texas, JESUS CAJICA ZERMENO, did then or there, acting alone or as a party as that term has been previously defined, intentionally, knowingly, or recklessly cause bodily injury to ROCKY HERNANDEZ, by shooting him with a deadly weapon, to wit: a firearm, then you will find the Defendant guilty and sign Verdict Form C, or if you find that Defendant JESUS CAJICA ZERMENO, acting with the intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided or attempted to aid another person to commit the offense, then you will find the Defendant guilty of the offense of Aggravated Assault with a Deadly Weapon and sign Verdict Form C.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant and sign Verdict Form D.

C.    **Verdict**

The jury found appellant guilty of both offenses. The jury assessed appellant's punishment for the murder of Armando Nunez at sixty years

5

confinement in the Texas Department of Criminal Justice Institutional Division and assessed punishment of twenty years for the aggravated assault offense of Rocky Hernandez, with the sentences running concurrently. This appeal followed.

## II. DISCUSSION

In one issue, appellant argues the trial court erred when it included the law of parties in the jury charge.[4]

---

[4] We note that appellant's brief does not present any argument addressing why the inclusion of the law of parties in the jury charge was error, nor does he cite any legal authority in support of such an argument; rather, appellant's brief only addresses the question of whether any such error was harmful. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record,"). Specifically, the only statement in appellant's brief mentioning that it was error to include the law-of-parties instruction is appellant's paragraph summarizing the sole issue on appeal, which in its entirety states:

> In the case at bar, the trial court committed error by including the "Law of Parties" in the charge of the court as well as the inclusion of the Law of Parties in the Application of the Law to the Facts paragraph when neither the State nor the Defense requested such a charge.

In our sole discretion, we choose to address the merits of appellant's argument that the trial court erred in including the instruction, but we caution appellant's counsel that such an approach usually results in the waiver of an issue due to inadequate briefing. *See Bohannan v. State*, 546 S.W.3d 166, 179 (Tex. Crim. App. 2017) (concluding that constitutional claim was inadequately briefed when appellant's language was "conclusory, [did] not make an argument, and [did] not contain any citations to appropriate authorities"); *see also Bleimeyer v. State*, 616 S.W.3d 234, 254–55 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Mendoza v. State*, No. 11-15-00232-CR, 2017 WL 4545280, at *7 (Tex. App.—Eastland Oct. 12, 2017, pet. ref'd) (mem. op., not designated for publication) ("Appellant's brief contains no argument or citation to any authority analyzing [the applicable] factors other than to simply cite Rule 403 and the objection made at trial. We conclude that Appellant's contention under Rule 403 is inadequately briefed and presents nothing for review because this court is under no obligation to make Appellant's arguments for him.").

Furthermore, we note appellant argues that the trial court erred in including the law of parties, but he does not argue that the application paragraph in the jury charge needed to be modified, as he argued before the trial court. Therefore, any complaint regarding the trial court's refusal to modify the instruction is waived. *See* Tex. R. App. P. 38.1(i); *Bleimeyer*, 616 S.W.3d at 254–55; *see also Mendoza*, 2017 WL 4545280, at *7.

## A.   Applicable Law

"[I]n each felony case . . . tried in a court of record, the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case . . . ." Tex. Code Crim. Proc. Ann. art. 36.14; *see Bargas v. State*, 252 S.W.3d 876, 901 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence.").

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Tex. Penal Code Ann. § 7.01(a). A person is criminally responsible for an offense committed by the conduct of another if while "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2).

A law-of-parties instruction is proper if sufficient evidence supports a jury verdict that the defendant is criminally responsible under the law of parties. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 124 (Tex. Crim. App. 2013) ("Regardless of whether it is pled in the charging instrument, liability as a party is an available legal theory if it is supported by the evidence."); *Walter v. State*, 588 S.W.3d 682, 688 (Tex. App.—Eastland 2019, pet. ref'd); *Bargas*, 252 S.W.2d at 901; *see also Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015) ("When examining the legal sufficiency of the evidence, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found each element of the offense beyond a reasonable doubt."). "Evidence is sufficient to convict under the law of parties if it

7

shows the defendant is physically present at the commission of the offense and encouraged the commission of the offense either by words or other agreement." *Trenor v. State*, 333 S.W.3d 799, 806–07 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994)); *see Goggins v. State*, 541 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) ("Mere presence of an accused at the scene of an offense will not support a conviction under the law of parties, but it is a circumstance that combined with other facts may show the accused was a participant."); *see also Ranson v. State*, No. 2018 WL 2022691, at *4 (Tex. App.—Eastland Apr. 30, 2018, pet. dism'd) (mem. op., not designated for publication).

Because an agreement between parties to act together in a common design can rarely be proven by words, the State often must rely on the actions of the parties, shown by direct or circumstantial evidence, to establish an understanding or common design to commit the offense. *Miller v. State*, 83 S.W.3d 308, 314 (Tex. App.—Austin 2002, pet. ref'd); *see Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012); *Walter*, 588 S.W.3d at 688; *Trenor*, 333 S.W.3d at 805–06. Events that occurred before, during, and after the commission of the crime are relevant in determining whether an individual acted as a party. *Walter*, 588 S.W.3d at 688; *Payne v. State*, 194 S.W.3d 689, 694 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see Goff v. State*, 931 S.W.2d 537, 545 (Tex. Crim. App. 1996). If there is sufficient evidence to support an appellant's guilt acting alone, then any error in submitting an instruction on the law of parties is harmless. *Black v. State*, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986); *see also Magana v. State*, No. 2020 WL 2214214, at *4 (Tex. App.—Eastland May 7, 2020, no pet.) (mem. op., not designated for publication).

**B.     Standard of Review**

Our first duty in analyzing an alleged jury-charge error is to determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we conclude the trial court erred, then we analyze that error for harm. *Id.* The degree of harm necessary for reversal depends on whether the defendant preserved the error by objection. *Id.* If there is error and the defendant preserved the alleged error, then we must reverse "if there was some harm to the accused from the error." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g) ("In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless."). If the defendant failed to object, then we will reverse only if the record shows egregious harm. *See Ngo*, 175 S.W.3d at 750.

**B.     Analysis**

In this case, the jury heard the following testimony:

- Morales, appellant's sister, testified that appellant and Vega were close friends and that Vega had a reputation for using guns in fights;

- Lilia, appellant's mother, testified that appellant left her home and went to Rocky's motorhome after she had a heated argument on the telephone with Rocky that was overhead by appellant;

- Rocky testified that following his heated argument with Lilia, appellant and Vega came to his motorhome;

- Rocky and Jose testified that appellant knocked on Rocky's door and drew Rocky out for a fist fight;

- Rocky testified that he did not see Vega, who was standing near some trees by the motorhome, until Vega shot him in the arm;

- Rocky and Jose testified that appellant and Vega fired multiple gunshots at Rocky and Armando; and

- Jose testified that appellant and Vega left together.

Based on this evidence, a jury could reasonably infer that appellant and Vega acted in concert in causing Armando's death and the aggravated assault with a deadly weapon of Rocky. *See Payne*, 194 S.W.3d at 697 (concluding evidence was sufficient to support conviction under law of parties when the evidence supported a finding that "appellant intended to and did aid Taft in committing the murder by inviting Williams outside, by knocking Williams down, by striking Williams, and by signaling when to end the attack"); *Howard v. State*, 966 S.W.2d 821, 824–25 (Tex. App.—Austin 1998, pet. ref'd) (concluding that sufficient evidence supported appellant's conviction as a party to attempted murder when the evidence showed that, "[o]n the night in question, [appellant] called [the complainant] outside, then ducked as his brother shot the complainant at close range with a shotgun"). The evidence presented of the events that occurred on November 15, 2017, coupled with the testimony of Vega's reputation and Vega's close friendship with appellant, is evidence supporting a reasonable inference that Vega and appellant had an understanding or common design to commit the offenses. *See Ramsey*, 473 S.W.3d at 808; *Payne*, 194 S.W.3d at 697; *Howard*, 966 S.W.2d at 824–25. Thus, there was sufficient evidence supporting the inclusion of the law-of-parties instruction in the jury charge, and therefore, there was no error in the jury charge. *See Ramsey*, 473 S.W.3d at 808; *In re State ex rel. Weeks*, 391 S.W.3d at 124; *Walter*, 588 S.W.3d at 688; *Bargas*, 252 S.W.2d at 901.

Furthermore, it was not error to include the instruction in the charge even if the State did not request the instruction. *See* Tex. Code Crim. Proc. Ann. art. 36.14; *In re State ex rel. Weeks*, 391 S.W.3d at 123–24; *Bargas*, 252 S.W.3d at 901; *see also Ousbourn v. State*, 259 S.W.3d 159, 179 (Tex. Crim. App. 2008) ("The trial judge has an absolute sua sponte duty to prepare a jury charge that accurately sets

out the law applicable to the specific offense charge." (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). Likewise, it was not error for the application paragraph in the charge to include a reference to the law of parties. *See Vasquez v. State*, 389 S.W.3d 361, 366–68 (Tex. Crim. App. 2012) (addressing the inclusion of the law of parties in the application paragraph of a jury charge).

Because there is no error in the jury charge, we need not address appellant's arguments that he suffered harm. *See* Tex. R. App. P. 47.1.

Finally, in its appellate brief, the State argues that the trial court "did not err in denying appellant's motion for a continuance/motion to reopen evidence." At the jury charge conference, appellant's counsel stated "I'm asking for a continuance and to reopen my case so that I can put on more evidence of the party that—in this case, to show he's not a violent person, the way the State implied before and the way some of the evidence showed up."

Assuming, without deciding, that appellant raised a complaint challenging the trial court's denial of his motion asking for a continuance and to reopen the evidence, we conclude that appellant waived such a complaint. This is because appellant did not present any argument addressing why the trial court erred in denying his request and did not cite any legal authority in support of such an argument. *See* Tex. R. App. P. 38.1(i); *Bleimeyer v. State*, 616 S.W.3d 234, 254–55 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Mendoza v. State*, No. 11-15-00232-CR, 2017 WL 4545280, at \*7 (Tex. App.—Eastland Oct. 12, 2017, pet. ref'd) (mem. op., not designated for publication). Appellant's sole issue is overruled.

## III.   CONCLUSION

The trial court's judgment on both counts is affirmed.

/s/      Margaret "Meg" Poissant
Justice

Panel consists of Justices Spain, Hassan, and Poissant. (Spain, J., concurring). Do Not Publish — Tex. R. App. P. 47.2(b).